# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

Michael S. Polsky, )
                      Movant, ) Case No. 05-6045-CV-SJ-FJG
vs. ) Crim No. 02-6005-01-CR-SJ-FJG
United States of America, )
                      Respondent. )

## ORDER

Movant entered a guilty plea on January 31, 2003. Sentencing hearing was held on July 1, 2003, and judgment entered on July 9, 2003. On October 9, 2003, the United States Court of Appeals granted defendant's motion to voluntarily dismiss his appeal (Mandate, Doc. #85, filed October 24, 2003). Thereafter, on November 13, 2003, movant filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. That motion was denied by order issued by this Court on February 10, 2004 (Doc. #8). Movant's application for a certificate of appealability was denied and dismissed by the United States Court of Appeals for the Eighth Circuit on October 18, 2004 (Doc. #14).

Now pending before the Court is movant's motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255, filed May 4, 2005. This motion must be reviewed as his second or successive § 2255 motion.

A prisoner cannot bring a second, or collateral, § 2255 motion unless it contains a claim involving

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. See 28 U.S.C. § 2255.

The pending motion is silent on newly discovered evidence. Instead, movant argues that relief under United States v. Booker, 125 S.Ct. 738 (2005) is available to movant under the "watershed Constitution rule of criminal procedure" provision of Teague v. Lane, 489 U.S. 288 (1989).

For a new rule to be retroactive to cases on collateral review for purposes of a § 2255 petition, the Supreme Court itself must make the rule retroactive. Tyler v. Cain, 533 U.S. 656, 662-63 (2001). "When the Supreme Court makes a rule retroactive for collateral-review purposes, it does so unequivocally, in the form of a holding." In re Anderson, 396 F.3d 1336 (11th Cir. 2005). In this regard, the Court agrees with the 11th Circuit that "[r]egardless of whether Booker established a 'new rule of constitutional law' . . . the Supreme Court has not expressly declared Booker to be retroactive to cases on collateral review." Id. "Put simply, Booker itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review." Id. Accordingly, because movant fails to make a *prima facie* showing of either of the grounds for collateral review under § 2255, his petition for relief must be dismissed.

For all the reasons stated above, it is hereby

ORDERED that movant's motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255, filed May 4, 2005, is denied.

/s/Fernando J. Gaitan, Jr.
United States District Judge

Dated: June 28, 2005
Kansas City, Missouri